# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50135 | **DATE** | 3/14/2011 |
| **CASE TITLE** | Ryan International Airlines, Inc. vs. East Trust SUB-2 | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to amend its jurisdictional allegations [5] is granted. Defendant's motion to dismiss [14] is granted. This case is closed.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Ryan International Airlines, Inc. (Ryan), has filed a complaint seeking a declaratory judgment that it has no obligation to defendant, East Trust SUB-2 (East Trust), a Delaware statutory business trust, under certain aircraft leases. East Trust has moved to dismiss contending that (1) this court lacks diversity of citizenship subject mater jurisdiction; (2) this court should decline to exercise jurisdiction under Wilton/Brillhart abstention; and (3) dismissal is appropriate on forum non conveniens grounds. Because East Trust's second argument has merit, its motion is granted.

### I. FACTS

In a complaint for declaratory judgment filed on May 26, 2010, Ryan alleges that it is a Kansas corporation with its principal place of business in Rockford, Illinois. It is further alleged that East Trust is a Delaware business trust and that the amount in controversy exceeds $75,000. Ryan has moved to amend its jurisdictional allegations pursuant to 28 U.S.C. § 1653 as follows:

> Defendant EAST TRUST-SUB2 (hereinafter "East") is a statutory trust organized under the laws of Delaware. According to public records, the trustee of East is Wilmington Trust Company which is a corporation that was incorporated in Delaware and has its principal place of business in Delaware.

East Trust does not oppose this motion.[1] Therefore, the motion to amend jurisdictional allegations is granted.

The complaint for declaratory judgment contains the following factual allegations. East Trust leased two Boeing 757 aircrafts to RD Air, LLC (RD Air). Thereafter, with East Trust's consent, RD Air subleased one aircraft to Rubloff Jet Express, LLC (Rubloff) and one to Ryan. Rubloff then subleased the aircraft it had subleased from RD Air to Ryan. In connection with extensions of the leases, East Trust and Ryan executed documents called "Consents and Agreements" wherein East Trust acknowledged and consented to Ryan's use of the aircraft. The Consents and Agreements obligate Ryan to return the aircraft and their records logs and technical data upon notice of default by defendant. After East Trust issued a notice of default indicating that RD

# STATEMENT

Air failed to make timely payments of rent and demanding return of the aircraft, Ryan returned the aircraft and all maintenance logs to defendant. East Trust issued a second notice of default claiming that RD Air and Rubloff failed to properly maintain the aircraft and failed to return the aircraft in compliance with the return conditions of the lease. In a third notice of default, East Trust claimed that Ryan breached the Consents and Agreements by failing to comply with the maintenance and redelivery requirements of the leases between East Trust and RD Air and the subleases between Ryan and RD Air, and Ryan and Rubloff. East Trust demanded approximately $7,600,000 from Ryan.

It is Ryan's position that, pursuant to the Consents and Agreements, its only obligations to East Trust were to return the aircraft and the maintenance documents, and not to maintain the aircraft or to return the aircraft in compliance with the leases between East Trust and RD Air. Ryan seeks a declaration that East Trust's demand upon Ryan for $7,600,000 is without merit and that Ryan has no obligation to East Trust as a result of any defaults under the leases between East Trust and RD Air.

On May 27, 2010, one day after the instant complaint for declaratory judgment was filed in this court, East Trust sued plaintiff, as well as RD Air and Rubloff, in the Supreme Court of the State of New York, County of New York. In Counts I and II of the New York complaint, East Trust alleges that RD Air breached the leases. In Counts III and IV, East Trust alleges that Rubloff breached its guarantees of the leases. In Counts V and VI, East Trust alleges that Ryan breached the Consents and Agreements with respect to each lease. Specifically, East Trust alleges that "the Consent[s and Agreements] subject Ryan's interest in the aircraft to 'the rights of [EAST],' which rights are set forth in, inter alia, the Lease[s]. The Lease[s], in turn, state that 'the rights of any person who receives possession by reason of transfer . . . shall be subject and subordinate to all the terms [of the Leases].'" East Trust alleges further that the Consents and Agreements expressly require Ryan to satisfy all return conditions in the sublease.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

The threshold issue in this case is whether this court has subject matter jurisdiction. Ryan has invoked this court's diversity of citizenship jurisdiction. See 28 U.S.C. § 1332(a). East Trust argues that diversity of citizenship is lacking because it is a citizen of the state of Illinois as is plaintiff. More specifically, East Trust asserts that, as a Delaware statutory trust, it has the citizenship of all its members and beneficiaries and one of its beneficiaries, Explorator LLC, is an Illinois citizen because one of Explorator LLC's members, Congress Holdings, LLC, has as a member, Hull 752 Corporation, whose principle place of business is in Illinois. In response, Ryan argues that it is the citizenship of East Trust's trustee that is dispositive in determining East Trust's citizenship for diversity jurisdiction purposes and that the citizenship of the trustees are diverse of Ryan's Illinois citizenship. The court agrees with Ryan.

In a lawsuit brought by the individual trustees of a business trust suing in their own names, the Supreme Court in Navarro Savings Association v. Lee held that the trustees, who had legal title, who managed the assets, and who controlled the litigation, were the real parties to the controversy and thus could invoke diversity jurisdiction on the basis of their own citizenship, rather than that of the trust's beneficial shareholders. 446 U.S. 458, 464 (1980). Ten years later, the Supreme Court in Carden v. Arkoma Associates stated that, with regard to unincorporated associations, "[w]e adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,' 'the several persons composing such associations,' [and] 'each of its members.' " 494 U.S. 185, 195-96 (1990) (citations omitted). The Court in Carden remarked that "Navarro had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." Id. at 192-93.

Post-Carden, in reliance on Navarro, the Seventh Circuit has consistently held that the citizenship of a trust for purposes of § 1332(a) diversity jurisdiction is that of its trustee. See Grede v. Bank of N.Y. Mellon, 598

| STATEMENT |
|---|

F.3d 899, 901 (7th Cir. 2010) ("[A] trust's citizenship is that of the trustee, rather than the beneficiaries, for the purpose of 28 U.S.C. § 1332(a)." (citing Navarro, 446 U.S. at 464 (1980)); Hicklin Eng'g L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006) ("The citizenship of a trust is that of the trustee." (citing Navarro, 446 U.S. at 464 (1980)); May Dep't Stores Co. v. Fed. Ins. Co., 305 F.3d 597, 599 (7th Cir. 2002) (stating that "for diversity purposes a trust is a citizen of whatever state the trustee is a citizen of" and that "[w]e have in the past resisted efforts to base determinations of citizenship on functional considerations [of the trustee]" ); Downey v. State Farm Fire & Cas. Co., 266 F.3d 675, 680 (7th Cir. 2001) ("[T]he citizenship of a trustee rather than the trust beneficiary is dispositive under § 1332.") (citing Navarro)). Seventh Circuit authority on this issue is consistent with opinions of the Second, Fifth, Sixth, and Ninth Circuits. See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 931 (2nd Cir. 1998) (citing Navarro and stating that the Supreme Court has deemed that the citizenship of a trust is that of its trustee); Mullins v. TestAmerica, Inc., 564 F.3d 386, 397 n.6 (5th Cir. 2009) ("[C]itizenship of a trust is that of its trustee."(citing Navarro, 446 U.S. at 464)); Homfeld II, LLC v. Comair Holdings, Inc., 53 F. App'x 731, 732 (6th Cir. 2002) ("[A] business trust has the citizenship of its trustees." (citing Navarro, 446 U.S. at 464)); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees." (citing Navarro, 446 U.S. at 464)).

East Trust relies on contrary authority from other circuits in support of their argument that it is the citizenship of the beneficiaries or members of the trust that determines a trust's citizenship. In Emerald Investors Trust v. Gaunt Parsippany Partners, the Third Circuit determined that the Supreme Court has established two rules:

> In a suit by or against the individual trustees of a trust, where the trustees 'possess certain customary powers to hold, manage and dispose of assets,' their citizenship, and not that of the trust beneficiaries, is controlling for diversity of citizenship purposes. Navarro, 446 U.S. at 464-66. The rule, however, is different when an artificial entity sues or is sued in its own name. In that situation, because artificial entities, unlike corporations, are not "citizens" under 28 U.S.C. § 1332, diversity jurisdiction by or against an artificial entity depends on the citizenship of "all the members." Carden, 494 U.S. at 195.

492 F.3d 192, 200-01 (3rd Cir. 2007). In Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc. the Eleventh Circuit determined that the holding in Navarro is limited to its facts and held that the Court in Carden "clearly signals that a Massachusetts business trust . . . is <u>not</u> to be accorded the status of a corporation for diversity purposes. . . . [but rather] . . is to be treated as a citizen of each state in which one of its shareholders is a citizen." 292 F.3d 1334, 1339 (11th Cir. 2002).[2] Suffice it to say that, post-Carden, the Seventh Circuit has continued to apply a bright-line rule based on Navarro and, unlike the Third and Eleventh Circuits, is not convinced that Carden undermines Navarro. This court is bound by the decisions of the Seventh Circuit.

Based on the foregoing analysis, the court concludes that Ryan and East Trust's trustees are of diverse state citizenship. Therefore, East Trust's Rule 12(b)(1) motion to dismiss this case for lack of subject matter jurisdiction is denied.

### B. Wilton/Brillhart Abstention

Next, East Trust argues that this court should abstain from hearing this declaratory judgment action under the principles stated in Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 494-95 (1942) and Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995), due to the pendency of the parallel action in New York. Ryan contends that East Trust's abstention argument is without merit.

"In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, the Declaratory Judgment Act "created an opportunity, rather than a duty" to consider claims seeking declaratory judgments.

Wilton, 515 U.S. at 288. "[A] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." Id. "Although jurisdiction under Article III may exist, '[a district court is] under no compulsion to exercise that jurisdiction.'" A.G. Edwards & Sons, Inc. v. Public Bldg. Com'n of St. Clair County, Ill., 921 F.2d 118, 120 (7th Cir. 1990) (quoting Brillhart, 316 U.S. at 494). "[T]he classic example of when abstention is proper occurs where . . . solely declaratory relief is sought and parallel state proceedings are ongoing." Envision Healthcare, Inc. v. PreferredOne Ins. Co., 604 F.3d 983, 986 (7th Cir. 2010).

The factors the court considers in deciding whether to abstain under Wilton/Brillhart are:

[W]hether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time.

Nationwide Ins. v. Zavalis, 52 F.3d 689, 695 (7th Cir. 1995). For the reasons that follow, the court concludes that Wilton/Brillhart abstention is proper in this case.[3]

### 1. Whether the Declaratory Suit Presents a Question Distinct from the Issues Raised in the State Court Proceeding

The question presented in this case is whether Ryan has an obligation to East Trust under the leases and Consents and Agreements to maintain the aircraft and return them in the condition contemplated in the leases or whether Ryan's obligations are limited to returning the aircraft and the maintenance documentation. This is the same question presented in Counts V and VI of the New York complaint. Ryan points out that there are additional issues raised in the New York complaint not raised in the instant complaint for declaratory judgment. That is true, but the fact remains that this declaratory judgment action does not present a question distinct from the issues raised in the New York case. Moreover, the Seventh Circuit has held that the "question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the foreign litigation will dispose of all claims presented in the federal case." AAR Int'l Inc. v. Nimelias Enters. S.A., 250 F.3d 510, 518 (7th Cir. 2001) (quotation marks omitted). The New York court will necessarily dispose of the claim Ryan is advancing in this declaratory judgment action because, if successful, it will preclude East Trust from prevailing on Counts V and VI of the New York complaint. See Gen. Motors Corp. v. M & G Mgmt., No. 02 C 6558, 2003 WL 21501782, at *3 (N.D. Ill. June 25, 2003) (finding that one factor weighing in favor of abstaining was that declaratory judgment plaintiff could raise its clams as defenses or counterclaims in the state court action). Thus, the first Zavalis factor weighs in favor of abstaining.

### 2. Whether the Parties to the Two Actions are Identical

Ryan argues that the parties are not identical because the New York complaint names two additional parties, RD Air and Rubloff. What is important, however, is that the parties to Counts V and VI of the New York complaint, the counts alleging breach of lease against Ryan, are identical to the parties in this case. See Envision Healthcare, Inc., 604 F.3d at 986 (stating that a suit is parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in two fora"). In any event, the conclusion that the respective actions are parallel is not undermined by the fact that other parties are named in other counts of the New York complaint. See Indian Harbor Ins. Co. v. Republic Servs, Inc., No. 10 C 3310, 2010 WL 3701308, at *2 (N.D. Ill. Sept. 10, 2010) ("It is not necessary that the parties be identical in both actions for the Wilton/Brillhart abstention doctrine to apply." (citing Envision Healthcare, Inc., 604 F.3d at 986)); Gen. Motors Corp., 2003 WL 21501782, at *4 ("[P]arallelism does not require that the parties in the underlying state action match with exactitude those in the federal declaratory judgment action." (citations omitted)). Consequently, the

| STATEMENT |
|---|

court concludes that the second Zavalis factor weighs in favor of abstaining.

### 3. Whether Going Forward with the Declaratory Action Will Serve a Useful Purpose in Clarifying the Legal Obligations and Relationships Among the Parties or Will Merely Amount to Duplicative and Piecemeal Litigation

As noted above, the New York court will necessarily decide the issue raised in this declaratory judgment action in litigating the breach of lease claims alleged in Counts V and VI in that action. The declaration that Ryan seeks can be raised as a defense to Counts V and VI of the New York complaint. See Gen. Motors Corp., 2003 WL 21501782, at *3. Therefore, judicial resources would be wasted were this court to decide the narrow issue of law that the New York court must ultimately decide in addition to the other issues raised in that case. In other words, this declaratory judgment action indeed presents just one narrow legal issue as Ryan contends, but it is just a piece of the New York litigation and Wilton/Brillhart abstention is designed to prevent piecemeal, duplicative litigation.

In addition, the Consents and Agreements specifically provide that they shall, in all respects, be governed by and construed in accordance with the laws of the State of New York. When dealing "with matters of purely [State] law, the state court is the better forum in which to litigate." A.G. Edwards & Sons, Inc., 921 F.2d at 122. Therefore, the third Zavalis factor weighs in favor of abstaining.

### 4. Whether Comparable Relief Is Available to Ryan in Another Forum or at Another Time

Ryan does not suggest that it cannot press its claim that it has no liability to East Trust under the leases other than to return the aircraft and maintenance documents in the New York action. Therefore, because nothing has come to the attention of this court indicating that Ryan cannot satisfactorily advance its claim before the New York court, the court concludes that the fourth Zavalis factor weighs in favor of abstaining.

In sum, because the four Zavalis factors weigh in favor of abstaining, this court will decline to exercise jurisdiction over this declaratory judgment action. Consequently, the court need not address East Trust's forum non conveniens argument.

### III. CONCLUSION

For the reasons stated above, this court finds that it has subject matter jurisdiction to hear the declaratory judgment action pleaded, but concludes that it should abstain under Wilton/Brillhart. Therefore, East Trust's motion to dismiss is granted and the claim Ryan raises in this case is dismissed without prejudice to raising it in the New York case. This case is closed.

---

1. East Trust explains that it has three trustees in addition to Wilmington Trust Company: Scott J. Paige, James A. Bryan, and Charles N. Seidlitz. East Trust does not maintain that any of these individuals are citizens of Illinois.

2. East Trust also cites RTC Commercial Assets Trust 1995-NP3-1 v. Phoenix Bond & Indem. Co., 169 F.3d 448, 451 (7th Cir. 1999) (looking to the citizenship of the beneficial interest holders of a Delaware statutory trust in evaluating the trust's citizenship), and Yount v. Shashek, 472 F. Supp. 2d 1055, 1058 n.1 (S.D. Ill. 2006) (noting an exception to the rule that a trust's citizenship is that of the trustee when the law under which the trust is organized permits the trust to sue and be sued in its own name, in which case the citizenship of the trust for diversity purposes is that of its beneficiaries). However, citizenship of a trust was not an issue squarely before the court in RTC Commercial and, in any event, stands as scant authority in light of the Seventh Circuit cases cited above. Yount does not cite binding Seventh Circuit authority in support of the purported exception.

3. Ryan argues that the more stringent "exceptional circumstances" test under <u>Colorado River Water Conservation District. v. United States</u>, 424 U.S. 800 (1976), is required to abstain and therefore this court should retain jurisdiction. However, this is not the abstention doctrine upon which East Trust relies nor is it the appropriate test. <u>See</u> <u>Wilton</u>, 515 U.S. at 286 (confirming the continued vitality of <u>Brillhart</u> and rejecting the argument that exceptional circumstances under the <u>Colorado River</u> must exist in order to justify abstention in a declaratory judgment action); <u>see also</u> <u>R.R. Street & Co., Inc. v. Vulcan Materials Co.</u>, 569 F.3d 711, 715 (7th Cir. 2009) (explaining that there is no doubt that <u>Wilton/Brillhart</u> abstention doctrine applies where only declaratory judgment is sought); <u>Sta-Rite Indus., Inc. v. Allstate Ins. Co.</u>, 96 F.3d 281, 287 (7th Cir. 1996).